**STRIS & MAHER LLP**
PETER K. STRIS (SBN 216226)
peter.stris@strismaher.com
BRENDAN S. MAHER (SBN 217043)
brendan.maher@strismaher.com
ELIZABETH BRANNEN (SBN 226234)
elizabeth.brannen@strismaher.com
DANA BERKOWITZ (SBN 303094)
dana.berkowitz@strismaher.com
VICTOR O'CONNELL (SBN 288094)
victor.oconnell@strismaher.com
725 S. Figueroa Street, Suite 1830
Los Angeles, CA 90017
T: (213) 995-6800 | F: (213) 261-0299

SHAUN P. MARTIN (SBN 158480)
smartin@sandiego.edu
University of San Diego School of Law
5998 Alcalá Park, Warren Hall
San Diego, CA 92110
T: (619) 260-2347 | F: (619) 260-7933

*Attorneys for Defendants and
Counterclaim Plaintiffs*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| GRASSHOPPER HOUSE, LLC, a California limited liability company,<br><br>        Plaintiff,<br><br>    v.<br><br>CLEAN & SOBER MEDIA LLC, a California limited liability company; CLIFFSIDE MALIBU, a California corporation; RICHARD L. TAITE, an individual; and Does 1-10.<br><br>        Defendants.<br><br>CLIFFSIDE MALIBU, a California corporation; SUNSET MALIBU, a California corporation, CLIFFSIDE MALIBU II, a California corporation; CLIFFSIDE MALIBU OUTPATIENT SERVICES, a California corporation; CLIFFSIDE MALIBU 3, a California | Case No. 2:18-CV-923 SVW (RAOx)<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND COUNTERCLAIM PLAINTIFFS' COUNTERCLAIMS FOR DAMAGES AND OTHER RELIEF FOR VIOLATIONS OF:**<br><br>**(1)  THE LANHAM ACT**<br>**(2)  CALIFORNIA'S FALSE ADVERTISING LAW**<br>**(3)  CALIFORNIA'S UNFAIR COMPETITION LAW**<br><br>**DEMAND FOR JURY TRIAL** |

1    corporation; and RECOVERY
     MALIBU, a California corporation;
2
                    Counterclaim Plaintiffs,
3
4           v.

5    GRASSHOPPER HOUSE, LLC, a
     limited liability company; PASSAGES
6    SILVER STRAND, LLC, a limited
     liability company; CHRIS PRENTISS,
7    an individual; and PAX PRENTISS, an
     individual;
8
                    Counterclaim Defendants.
9

S T R I S
M A H E R | 725 S. FIGUEROA ST. STE 1830
LOS ANGELES, CA 90017

## ANSWER

Defendants Clean and Sober Media LLC, Cliffside Malibu, and Richard L. Taite (collectively, "Defendants") hereby file their Answer in response to Grasshopper House, LLC's First Amended Complaint, dated May 16, 2018 ("Complaint"), Dkt. No. 30. Defendants deny the legal sufficiency of the Complaint and deny that Grasshopper House, LLC ("Plaintiff") has any claim for relief. Defendants deny the characterizations, allegations, and claims in the Complaint unless admitted in the following numbered paragraphs, which correspond to the numbered paragraphs in the Complaint.

### RESPONSE TO JURISDICTION AND VENUE

1. Defendants admit that the Complaint purports to be an action for (1) violations of the Lanham Act; (2) libel per se; (3) false advertising in violation of section 17500 of the California Business and Professions Code; and (4) false advertising in violation of section 17200 of the California Business and Professions Code. Defendants deny any allegations that they have violated the Lanham Act or committed libel, false advertising, or unfair competition. Defendants admit that this Court has jurisdiction over the alleged claims. Defendants deny the remaining allegations in Paragraph 1.

2. Defendants admit that venue in this court is proper. To the extent a further response is required, Defendants deny the remaining allegations in Paragraph 2.

### RESPONSE TO INTRODUCTION

3. Defendants admit that *The Fix* is a website operated by Defendant Clean & Sober Media LLC ("Clean & Sober") for part of the period relevant to this action. Defendants admit that Defendant Richard L. Taite owned Clean & Sober for part of the period relevant to this action. Defendants admit that Mr. Taite owned Cliffside Malibu for part of the period relevant to this action. Defendants deny all other allegations in Paragraph 3.

4.     Defendants admit that *The Fix* gave Passages Malibu a one-star rating for treatment. To the extent the allegations of Paragraph 4 seek to describe the contents of written documents, the documents speak for themselves and Defendants deny the allegations to the extent that they are inconsistent with the documents. Defendants deny all remaining allegations in Paragraph 4.

5.     Defendants deny the allegations in Paragraph 5.

6.     Defendants deny the allegations in Paragraph 6.

## RESPONSE TO PARTIES

7.     Defendants lack information sufficient to form a belief about the truth of the allegations in Paragraph 7 of the Complaint and therefore deny them.

8.     Defendants admit the first sentence of Paragraph 8. Defendants admit that Clean & Sober currently operates *The Fix*. To the extent the allegations of Paragraph 8 purport to describe the contents of a written document, the document speaks for itself and Defendants deny the allegations to the extent that they are inconsistent with the document. Defendants deny the remaining allegations in Paragraph 8.

9.     Defendants admit the first two sentences of Paragraph 9. Defendants lack information sufficient to form a belief about the truth of the allegations in the third sentence of Paragraph 8 of the Complaint and therefore deny them.

10.     Defendants admit that Mr. Taite is the sole member of Clean & Sober. Defendants admit that Mr. Taite was the founder of Cliffside Malibu. Defendants deny the remaining allegations in Paragraph 10.

11.     Defendants deny the allegations in Paragraph 11.

12.     Defendants deny the allegations in Paragraph 12.

13.     Defendants deny the allegations in Paragraph 13.

## RESPONSE TO FACTUAL ALLEGATIONS

14.     Defendants admit the first two sentences of Paragraph 14. Defendants deny the third sentence of Paragraph 14. Defendants admit that *The Fix* gave Passages Malibu a one-star rating for treatment in 2011. To the extent the allegations in

2

STRIS MAHER | 725 S. FIGUEROA ST, STE 1830 | LOS ANGELES, CA 90017

Paragraph 14 purport to describe the contents of a written document, the document speaks for itself and Defendants deny the allegations to the extent that they are inconsistent with the document. Defendant deny the remaining allegations in Paragraph 14.

15.     Defendants lack information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 15 of the Complaint and therefore deny them. Defendants admit that *The Fix* gave Cliffside Malibu a four-star rating for treatment and a four-star overall rating in 2012. Defendants deny the remaining allegations in Paragraph 15.

16.     Defendants admit the first sentence of Paragraph 16. Defendants deny the remaining allegations in Paragraph 16.

17.     Defendants admit the first sentence of Paragraph 17. Defendants deny the remaining allegations in Paragraph 17.

18.     Defendants admit that Kris Harrison wrote an email to Zachary Urbina in May 2014. To the extent the allegations in Paragraph 18 purport to describe the contents of that written document, the document speaks for itself and Defendants deny the allegations to the extent that they are inconsistent with the document. Defendants deny the remaining allegations in Paragraph 18.

19.     Defendants deny the allegations in Paragraph 19.

20.     Defendants lack information sufficient to form a belief about the truth of the allegations in the first two sentences of Paragraph 20 of the Complaint and therefore deny them. Defendants admit that Kris Harrison wrote an email to Zachary Urbina in July 2014. To the extent the allegations in Paragraph 20 purport to describe the contents of that written document, the document speaks for itself and Defendants deny the allegations to the extent that they are inconsistent with the document. Defendants deny the remaining allegations in Paragraph 20.

21.     Defendants admit that *The Fix* did not remove the ratings of Passages Malibu or change its one-star rating for treatment but deny that it had any obligation to

S T R I S | 725 S. FIGUEROA ST. STE 1830
M A H E R | LOS ANGELES, CA 90017

S T R I S | 725 S. FIGUEROA ST. STE 1830
M A H E R | LOS ANGELES, CA 90017

do so. Defendants admit that *The Fix* increased the overall rating for Passages Malibu from two to two and a half stars. To the extent the allegations in Paragraph 21 purport to describe the contents of a written document, the document speaks for itself and Defendants deny the allegations to the extent that they are inconsistent with the document. Defendants deny the remaining allegations in Paragraph 21.

22.   Defendants admit that *The Fix* gave Plaintiff the opportunity to participate in a re-review process for Passages Malibu. Defendants admit that *The Fix* provided Plaintiff a survey form to be completed by alumni of Passages Malibu. To the extent the allegations in Paragraph 22 purport to describe the contents of that written document, the document speaks for itself and Defendants deny the allegations to the extent that they are inconsistent with the document. Defendants deny the remaining allegations in Paragraph 22.

23.   To the extent the allegations in Paragraph 23 purport to describe the contents of written documents, the documents speak for themselves and Defendants deny the allegations to the extent that they are inconsistent with the documents. Defendants deny the remaining allegations in Paragraph 23.

24.   Defendants admit that *The Fix* increased the overall star rating and the treatment rating for Cliffside Malibu from four stars to five stars. Defendants deny the remaining allegations in Paragraph 24.

25.   To the extent the allegations of Paragraph 25 purport to describe the contents of written documents, the documents speak for themselves and Defendants deny the allegations to the extent that they are inconsistent with the documents. Defendants deny the remaining allegations in Paragraph 25.

26.   Defendants deny the allegations in Paragraph 26, including those in subparagraphs a-e. To the extent the allegations of Paragraph 26 purport to describe the contents of written documents, the documents speak for themselves and Defendants deny the allegations to the extent that they are inconsistent with the documents

27.   Defendants deny the allegations in Paragraph 27.

4

28.   Defendants deny the allegations in Paragraph 28.

29.   Defendants deny the allegations in Paragraph 29.

30.   Defendants deny the allegations in Paragraph 30.

### RESPONSE TO PLAINTIFF'S DISCOVERY OF
### DEFENDANTS' [ALLEGED] MISCONDUCT

31.   To the extent the allegations of Paragraph 31 purport to describe the contents of written documents, the documents speak for themselves and Defendants deny the allegations to the extent that they are inconsistent with the documents. Defendants deny the remaining allegations in Paragraph 31.

32.   Defendants admit the third sentence in Paragraph 32. To the extent the allegations of Paragraph 32 purport to describe the contents of written documents, the documents speak for themselves and Defendants deny the allegations to the extent that they are inconsistent with the documents. Defendants lack sufficient information to form belief about the truth of the remaining allegations in Paragraph 32 of the Complaint and therefore deny them.

33.   Defendants deny the allegations in Paragraph 33.

34.   Defendants deny the allegations in Paragraph 34.

35.   Defendants admit that Allison McCabe wrote an email giving Plaintiff the opportunity to participate in a re-review process for Passages Malibu on July 31, 2016. To the extent the allegations of Paragraph 35 purport to describe the contents of that written document, the document speaks for itself and Defendants deny the allegations to the extent that they are inconsistent with the document. Defendants deny the remaining allegations in Paragraph 35.

### RESPONSE TO FIRST CLAIM FOR RELIEF
### (Lanham Act § 43(a)(1)(B), 15 U.S.C. § 1125(a)(1)(B))

36.   Defendants incorporate by reference herein their responses to Paragraphs 1 through 35.

STRIS
MAHER   725 S. FIGUEROA ST. STE 1830
LOS ANGELES, CA 90017

37.     Paragraph 37 consists of a legal conclusion to which no response is required. To the extent a further response is required, Defendants deny the allegations in Paragraph 37.

38.     Paragraph 38 consists of a legal conclusion to which no response is required. To the extent a further response is required, Defendants deny the allegations in Paragraph 38.

39.     Paragraph 39 consists of a legal conclusion to which no response is required. To the extent that a further response is required, Defendants deny the allegations in Paragraph 39.

40.     Paragraph 40 consists of a legal conclusion to which no response is required. To the extent that a further response is required, Defendants deny the allegations in Paragraph 40.

41.     Paragraph 41 consists of a legal conclusion to which no response is required. To the extent that a further response is required, Defendants deny the allegations in Paragraph 41.

42.     Paragraph 42 consists of a legal conclusion to which no response is required. To the extent that a further response is required, Defendants deny the allegations in Paragraph 42.

43.     Paragraph 43 consists of a legal conclusion to which no response is required. To the extent that a further response is required, Defendants deny the allegations in Paragraph 43.

44.     Defendants deny the allegations in Paragraph 44.

## RESPONSE TO SECOND CAUSE OF ACTION

### (Libel per se)

45.     Defendants incorporate by reference herein their responses to Paragraphs 1 through 44.

46.     Defendants deny the allegations in Paragraph 46.

47.     Defendants deny the allegations in Paragraph 47.

48.     Paragraph 48 consists of a legal conclusion to which no response is required. To the extent that a further response is required, Defendants deny the allegations in Paragraph 48.

49.     Defendants deny the allegations in Paragraph 49.

50.     Defendants deny the allegations in Paragraph 50.

51.     Defendants deny the allegations in Paragraph 51.

52.     Paragraph 52 consists of a legal conclusion to which no response is required. To the extent that a further response is required, Defendants deny the allegations in Paragraph 52.

## RESPONSE TO THIRD CAUSE OF ACTION

### (California Business and Professions Code § 17500)

53.     Defendants incorporate by reference herein their responses to Paragraphs 1 through 52.

54.     Paragraph 54 consists of a legal conclusion to which no response is required. To the extent that a further response is required, Defendants deny the allegations in Paragraph 54.

55.     Paragraph 55 consists of a legal conclusion to which no response is required. To the extent that a further response is required, Defendants deny the allegations in Paragraph 55.

56.     Paragraph 56 consists of a legal conclusion to which no response is required. To the extent that a further response is required, Defendants deny the allegations in Paragraph 56.

57.     Paragraph 57 consists of a legal conclusion to which no response is required. To the extent that a further response is required, Defendants deny the allegations in Paragraph 57.

58.     Defendants deny the allegations in Paragraph 58.

**RESPONSE TO THE FOURTH CAUSE OF ACTION**

**(California Business and Professions Code § 17200)**

59.     Defendants incorporate by reference herein their responses to Paragraphs 1 through 58.

60.     Paragraph 60 consists of legal conclusions to which no response is required. To the extent that a further response is required, Defendants deny the allegations in Paragraph 60.

61.     Paragraph 61 consists of a legal conclusion to which no response is required. To the extent that a further response is required, Defendants deny the allegations in Paragraph 61.

**RESPONSE TO PRAYER FOR RELIEF**

Defendants deny that Plaintiff is entitled any relief in this case, including the relief sought in the prayer for relief.

**RESPONSE TO DEMAND FOR JURY TRIAL**

Plaintiff's request for trial by jury does not require a response from Defendants.

**AFFIRMATIVE AND OTHER DEFENSES**

Without assuming any burden that they would not otherwise have, Defendants assert the following defenses to every cause of action asserted against them as to which such defense is or may be applicable. By virtue of alleging these further defenses, Defendants do not assume any burden of proof, persuasion, or production not otherwise legally assigned to them. Defendants reserve all rights to assert other defenses as appropriate, and reserve all rights to modify, withdraw, or assert additional defenses subject to information obtained through the formal discovery process in this case or as information becomes available.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

The Complaint fails to state a claim against Defendants upon which relief can be granted.

STRIS | 725 S. FIGUEROA ST, STE 1830
MAHER | LOS ANGELES, CA 90017

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Some or all of Plaintiff's claims are barred by the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

### (Laches)

Some or all of Plaintiff's claims are barred by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Some or all of Plaintiff's claims are barred by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

### (No False Statement of Verifiable Fact)

Some or all of Plaintiff's claims are barred because the complained of statements are not false statements or misrepresentations of verifiable facts and are, therefore, not actionable as a matter of law.

## SIXTH AFFIRMATIVE DEFENSE

### (Truth)

Some or all of Plaintiff's claims are barred because the complained of statements are true.

## SEVENTH AFFIRMATIVE DEFENSE

### (Free Speech)

Any award of damages in this case would be unconstitutional under the First Amendment to the United States Constitution.

## EIGHTH AFFIRMATIVE DEFENSE

### (Fair Competition)

Some or all of Plaintiff's claims are barred by the privilege of fair competition.

## NINNTH AFFIRMATIVE DEFENSE

### (No Reasonable Reliance)

Plaintiff did not reasonably rely upon any alleged misrepresentations or omissions by Defendants, and Plaintiff is therefore barred from seeking affirmative relief against Defendants.

## TENTH AFFIRMATIVE DEFENSE

### (Estoppel)

Some or all of Plaintiff's claims are barred by the doctrine of estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

Some or all of Plaintiff's claims are barred by the doctrine of waiver.

## TWELFTH AFFIRMATIVE DEFENSE

### (Acquiescence)

Some or all of Plaintiff's claims are barred by the doctrine of acquiescence.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Damage to Plaintiff)

Plaintiff did not suffer any damages (economic loss) as a result of Defendants' actions with respect to the events alleged in the Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Plaintiff is seeking to recover more than Plaintiff is entitled to recover in this case, and award of the judgment sought by Plaintiff would unjustly enrich Plaintiff.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Some or all of Plaintiffs' claims are barred because Plaintiff failed to take reasonable steps to mitigate its damages, if any.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Attorney's Fees Not Recoverable)**

Plaintiff is not entitled to an award of costs and attorney's fees incurred in this action.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

Some or all of Plaintiffs' claims are barred because Plaintiff lacks standing to assert them.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Proximate Cause)**

Some or all of Plaintiff's claims are barred due to a lack of proximate causation between Defendants' alleged conduct and Plaintiff's alleged damages, if any.

**NINTEENTH AFFIRMATIVE DEFENSE**

**(Superseding/Intervening Cause)**

None of the acts attributed to Defendants proximately caused the injuries alleged, and any such causation was superseded by actions of third parties, or circumstances and causes beyond the control of Defendants, thus barring or diminishing any recovery against them.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Good Faith)**

Defendants' actions were at all times taken in the good faith exercise in Defendants' reasonable business judgment, and were taken for valid business purposes. In addition, Defendants' actions with respect to the events alleged in the Complaint, if any, were made in good faith.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(No Intent to Harm)**

Some or all of Plaintiff's claims are barred on the grounds that, prior to and in connection with the performance of business obligations for Plaintiff, there was no

intent to harm Plaintiff, or anyone else. Defendant further alleges that any alleged statements made by Defendants which form the basis of Plaintiff's Complaint herein were inadvertent and unintentional at the time they were allegedly published. Said statements were made, if any there were, without an intent to harm Plaintiff or any third parties.

### RESERVATION OF RIGHT TO ASSERT ADDITIONAL DEFENSES

Defendants have not knowingly or intentionally waived any applicable defenses, and they reserve the right to assert and rely upon other applicable defenses that may become available or apparent throughout the course of this action. Defendants reserve the right to amend or seek to amend their answer and/or affirmative defenses.

### COUNTERCLAIMS

### INTRODUCTION

1.      Counterclaim Defendants (collectively, the "Prentisses") prey on people struggling to overcome chemical dependence by misrepresenting their services and those of their competitors. Through trickery and outright lies, they lure addiction sufferers to their putative substance abuse treatment facilities, which charge up to $100,000 per month. When patients' cash or insurance coverage runs out, the Prentisses discharge them with assurances that they are "cured." But there is in fact no "cure" for substance addiction, and few if any of these patients achieve long-term sobriety.

2.      The Prentisses' fraud is multifaceted:

        a.      First, the Prentisses lure patients by posing on the Internet as trusted institutions, then endorsing their own facilities and disparaging their competitors. For example, the Prentisses secretly own, control, and operate a website called the "Baltimore Health Resource Center" that *looks like* a publication of the City of Baltimore, but actually exists to promote their own "Passages"-branded facilities. At least four other websites the Prentisses secretly own or control do the same thing. One poses as a college, one poses as a local paper, and two pose as addiction blogs.

STRIS | 725 S. FIGUEROA ST. STE 1830
MAHER | LOS ANGELES, CA 90017

S T R I S
M A H E R

725 S. FIGUEROA ST. STE 1830
LOS ANGELES, CA 90017

b.    Second, the Prentisses claim (1) to have discovered a treatment method that "cures" substance addiction; (2) that the proof of this "cure" is that it worked on Pax Prentiss, who happens to be an owner of Passages; and that (3) as a result of their cure, Pax has been sober for "fifteen years." All of that is false. There is no cure for substance addiction; Pax Prentiss is not cured; and he has not been sober for fifteen years. These lies are told for the express purpose of inducing vulnerable people to enroll in the Prentisses' rehabilitation facilities instead of those of the Prentisses' competitors.

c.    Both sets of misrepresentations were obviously intended to, and did, take customers away from other rehabilitation facilities, including those owned by the Counterclaim Plaintiffs (collectively, "Cliffside").

3.    Cliffside operates leading substance abuse treatment facilities in California. The Prentisses' use of sham websites to tout the quality of their services, their lies about having a cure, and their false claims that the cure worked on one of their owners (Pax Prentiss) are each and all misleading, fraudulent, illegal, and unfair, and diverted prospective patients to the Prentisses' businesses at the expense of Cliffside. Cliffside accordingly seeks relief under federal and state law.

## PARTIES

4.    Counterclaim Plaintiff Cliffside Malibu is a corporation organized under the laws of the State of California, with its principal place of business at 29160 Heathercliff Road #200, Malibu, California 90265. Cliffside Malibu operates a leading substance abuse treatment facility in Malibu, California. It has achieved The Gold Seal of Approval from The Joint Commission.

5.    Counterclaim Plaintiff Sunset Malibu is a corporation organized under the laws of the State of California, with its principal place of business at 29160 Heathercliff Road #200, Malibu, California 90265. Sunset Malibu operates a leading substance abuse treatment facility in Malibu, California. It has achieved The Gold Seal of Approval from The Joint Commission.

13

6.      Counterclaim Plaintiff Cliffside Malibu II is a corporation organized under the laws of the State of California, with its principal place of business at 29160 Heathercliff Road #200, Malibu, California 90265. Cliffside Malibu II operates a leading substance abuse treatment facility in Malibu, California. It has achieved The Gold Seal of Approval from The Joint Commission.

7.      Counterclaim Plaintiff Cliffside Malibu Outpatient Services is a corporation organized under the laws of the State of California, with its principal place of business at 29160 Heathercliff Road #200, Malibu, California 90265. Cliffside Malibu Outpatient Services operates a leading substance abuse treatment facility in Malibu, California. It has achieved The Gold Seal of Approval from The Joint Commission.

8.      Counterclaim Plaintiff Cliffside Malibu 3 is a corporation organized under the laws of the State of California, with its principal place of business at 29160 Heathercliff Road #200, Malibu, California 90265. Cliffside Malibu 3 operates a leading substance abuse treatment facility in Malibu, California. It has achieved The Gold Seal of Approval from The Joint Commission.

9.      Counterclaim Plaintiff Recovery Malibu is a corporation organized under the laws of the State of California, with its principal place of business at 29160 Heathercliff Road #200, Malibu, California 90265. Recovery Malibu operates a leading substance abuse treatment facility in Malibu, California. It has achieved The Gold Seal of Approval from The Joint Commission. Cliffside Malibu, Sunset Malibu, Cliffside Malibu II, Cliffside Malibu Outpatient Services, Cliffside Malibu 3 and Recovery Malibu are collectively referred to as "Cliffside" herein.

10.      Counterclaim Defendant Grasshopper House, LLC is a limited liability company organized under the laws of the State of California, with its principal place of business at 6428 Meadows Court in Malibu, California 90265. It operates a putative substance abuse treatment facility called Passages Malibu. Upon information and belief, the manager or member of Grasshopper House, LLC is Chris Prentiss.

725 S. FIGUEROA ST. STE 1830
LOS ANGELES, CA 90017
S T R I S
M A H E R

11.     Counterclaim Defendant Passages Silver Strand, LLC is a limited liability company organized under the laws of the State of California, with its principal place of business at 6428 Meadows Court in Malibu, California 90265. It operates a putative substance abuse treatment facility called Passages Ventura. Upon information and belief, the manager or member of Grasshopper House, LLC is Chris Prentiss. Passages Malibu and Passages Ventura are collectively referred to as "Passages" herein.

12.     Counterclaim Defendant Chris Prentiss is a natural person residing in California. He co-founded Passages and served as its co-director at all relevant times. Chris Prentiss is the father of Pax Prentiss. Upon information and belief, along with his son Pax, Chris controls and is directly responsible for the actions of Grasshopper House, LLC and Passages Silver Strand, LLC. Chris also acted in his personal and individual capacity as to, and actually directed, authorized, and personally participated in the conduct that gives rise to Cliffside's claims.

13.     Counterclaim Defendant Pax Prentiss is a natural person residing in California. He co-founded Passages and served as its co-director at all relevant times. Pax Prentiss is the son of Chris Prentiss. Upon information and belief, along with his father Chris, Pax controls and is directly responsible for the actions of Grasshopper House, LLC and Passages Silver Strand, LLC. Pax also acted in his personal and individual capacity as to, and actually directed, authorized, and personally participated in the conduct that gives rise to Cliffside's claims. Grasshopper House, LLC, Passages Silver Strand, LLC, Chris Prentiss, and Pax Prentiss are collectively referred to as the "Prentisses" herein.

14.     Upon information and belief, each of the Counterclaim Defendants acted as the agent of the other Counterclaim Defendants with respect to the conduct that gives rise to Cliffside's claims in this action.

15.     Upon information and belief, each of the Counterclaim Defendants conspired and acted in concert with each other with respect to the conduct that gives rise to Cliffside's claims in this action.

**JURISDICTION**

16. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367. This Court has specific and general personal jurisdiction over the Prentisses in this action because the Prentisses reside in California, have their principal places of business in California, and engaged in the conduct at issue in California.

**FACTUAL ALLEGATIONS**

**A.** **The Prentisses Operate Putative Substance Abuse Treatment Facilities That Bilk People Struggling to Overcome Chemical Dependence.**

17. Chris Prentiss and his son, Pax Prentiss, operate Passages Malibu, a putative substance abuse treatment facility run by Grasshopper House, LLC. The Prentisses also operate Passages Ventura, a putative substance abuse treatment facility run by Passages Silver Strand, LLC.

18. Neither Chris Prentiss nor Pax Prentiss has any medical, behavioral, or other training relevant to treating chemical dependence. Chris Prentiss is a real estate broker and the author of several books on Chinese philosophy written under the pseudonym "Wu Wei." Pax Prentiss is a drug addict, recreational trophy hunter, and blogger. Upon information and belief, Pax Prentiss never held a job before he and his father opened Passages.

19. Both men know that those seeking treatment for addiction are desperate. As Chris Prentiss has put it: "People mortgage their houses, max out their credit cards, sell assets, whatever it takes to get here." Upon information and belief, Passages now charges patients up to $100,000 per month. It also accepts insurance.

20. Upon information and belief, the Prentisses have reaped over $100 million in profits through their putative treatment facilities, virtually all ill-gotten through the fraudulent scheme described herein. This case is about the deceptive tactics that they use to get patients in the door at the expense of competing facilities.

S T R I S | 725 S. FIGUEROA ST. STE 1830
M A H E R | LOS ANGELES, CA 90017

16

**B.** **The Prentisses Pose as Trusted Institutions on the Internet.**

21.     The Prentisses lure people struggling to overcome chemical dependence to their putative treatment facilities by posing on the Internet as trusted institutions, then endorsing their own facilities and disparaging their competitors.

22.     Upon information and belief, the Prentisses own and operate at least five websites that pose as neutral sources while in fact promoting the Prentisses' putative treatment facilities without disclosing that the sites are owned and controlled by the Prentisses. Such websites include but are not limited to the following:

  a.     https://www.baltimorehealth.org/

  b.     https://www.denverijournal.com/

  c.     https://www.westerncollege.com/

  d.     https://www.ghctotalhealth.org/

  e.     https://www.discoveryretreats.com

23.     Unlike the operators of *The Fix* and other ***legitimate*** news websites, the Prentisses do not bother to create substantive content for their non-branded websites.

### The Prentisses Pretend To Be The City Of Baltimore

24.     The website https://www.baltimorehealth.org/ ***looks like*** a publication of the City of Baltimore:

  a.     Here is a picture of the website from February 2018:



b.   The page uses the logo of the City of Baltimore.

c.   The "About" page on the website explains that: "Baltimore Health is a resource guide for the residen[ts] of Baltimore. Please visit Baltimore Department of Health for more information."

d.   The bottom of the homepage contains a list of "Resources" that consists of sixteen hyperlinks. Eight are hyperlinks to government websites, including the Baltimore City Health Department, Centers for Disease Control, and Healthcare.gov.

25.   But it is not a government website at all, let alone an impartial source of information. It is a website owned and controlled by the Prentisses. Even worse, the website https://www.baltimorehealth.org *used to be* a website maintained by the City of Baltimore. When the Prentisses obtained ownership of the site, they maintained the original design aesthetic of the website in order to perpetuate the false impression that it continues to be an official and trustworthy government source.

STRIS | 725 S. FIGUEROA ST. STE 1830
MAHER | LOS ANGELES, CA 90017

26.     But the website is not the official government website that the Prentisses represent it to be. The https://www.baltimorehealth.org/ site instead now exists to promote the Prentisses' putative treatment facilities under false pretenses.

a.     To begin, it contains little or no substantive news content—it hosts only stories that either implicitly suggest the site is an official City of Baltimore website or that disparage the Prentisses' competitors, or that promote the Prentisses' putative treatment facilities under false pretenses.

b.     In the "Resources" section of the homepage—mixed in with hyperlinks to *actual* government resources—are no fewer than eight links that promote the Prentisses' businesses. The links entitled "Malibu Luxury Rehab," "Drug Addiction Treatment Center: Passages Malibu," "Luxury Rehab," "California Luxury Rehab," "The Best Rehab," "The Luxury Rehab," "World's Best Rehab," and "Best Rehab California" all redirect users to Passages' websites, leaving the public with the false impression that the City of Baltimore endorses Passages' facilities and has adjudged them to be superior to others.

27.     Notably, the Prentisses also use the website https://www.baltimorehealth.org/ to disparage Cliffside. In or around November of 2017, the Prentisses posted to the website an article from the *Verge* entitled "Review Sites Have Deep Ties to the Rehabs They Promote" ("*Verge* Article")—an article that criticizes Richard Taite for owning websites that purport to be impartial (but allegedly are not) and for not causing those websites to more prominently disclose that they were under common ownership with Cliffside Malibu. *See* https://www.baltimorehealth.org/review-sites-have-deep-ties-to-the-rehabs-they-promote/ (describing and providing links to the *Verge* Article).

28.     In an effort to capture search engine traffic of persons looking for Cliffside Malibu's home page and redirect them to the *Verge* Article, the Baltimore Health webpage metatags the words "Cliffside Malibu"; includes a hyperlink of the text "The

S T R I S | 725 S. FIGUEROA ST. STE 1830
M A H E R | LOS ANGELES, CA 90017

19

Verge" that directs users to the *Verge* Article; and a includes separate hyperlink of the text "Cliffside Malibu" that also directs users to the *Verge* Article.

29.     Put differently, through the Baltimore Health website, the Prentisses do everything they can to direct the public to an article that criticizes Richard Taite and Cliffside *for not being forthright about who owns a website*. They do so from a website that falsely appears to be owned by the City of Baltimore, but which they really own. This is more than the pot calling the kettle black; it is the pot calling the kettle black while impersonating a municipality.

30.     By warning readers about review sites that are secretly owned by operators of rehab facilities, Baltimorehealth.org implicitly communicates that it is independent and trustworthy. Nowhere does the Baltimorehealth.org site disclose its ownership or correct the impression that the site is a product of the City of Baltimore. The Prentisses run a version of the same scam—creating a website that looks like an impartial source but is not—using at least four other sites they secretly own.

**The Prentisses Pretend To Be a Local Denver Publication**

31.     The website https://www.denverijournal.com/ pretends to be a local publication for residents of the City of Denver, with a focus on marijuana, e.g., the "About" page of the website provides that "DenveriJournal is a blog that covers marijuana news across the nation." Upon information and belief, the website https://www.denverijournal.com/ *was* a local publication for residents of Denver before the Prentisses acquired it.

32.     Once the Prentisses acquired the denverijournal.com site, they used, and continue to use, it just like the baltimorehealth.org website—as a sham "news" website aiming to mislead readers into thinking it is an impartial outlet, when in fact its only purpose is to promote the Prentisses' putative treatment facilities:

a.     As of February 2018, the homepage looked like this:

ANSWER AND COUNTERCLAIMS
CASE NO. 2:18-CV-00923-SVW-RAO

725 S. FIGUEROA ST. STE 1830
LOS ANGELES, CA 90017
S T R I S |
M A H E R |

S T R I S | 725 S. FIGUEROA ST. STE 1830
M A H E R | LOS ANGELES, CA 90017

b.     The homepage displays the title of the website, DenveriJournal, next to a "story" about how Passages Malibu is "revolutionizing addiction treatment." That "story" (hosted at https://www.denverijournal.com/rehab-reviews/passages-malibu-revolutionizing-addiction-treatment/) is nothing more than an advertorial extolling the virtues of Passages, and is presented in a format that is indistinguishable from editorial content.

c.     On the bottom of the homepage, there is a list of "Drug Addiction Resources" that consists of eight hyperlinks. Three of the hyperlinks are "California Luxury Rehab," "Malibu Luxury Rehab," and "Luxury Rehab Centers." These hyperlinks redirect users to Passages' websites, and are mixed in with links to legitimate resources, such as the National Institute of Health website. The unmistakable impression is that an independent periodical impartially selected a series of links it believes will be most useful to those seeking addiction treatment. Instead, the Prentisses mixed self-serving links with legitimate sources of information.

d.     Indeed, the entire site is designed to convey to readers that every word on the site is published by a local, independent journal. Of course, like

21

baltimorehealth.org, it is nothing more than a shill for the Prentisses' putative treatment centers.

33.     Like with the bogus Baltimore site, the Prentisses also use the website https://www.denverijournal.com/ to hypocritically disparage Cliffside. The homepage of the website displays a link to an article entitled *Warning signs that a friend or loved one is abusing drugs*, which is accessible at https://www.denverijournal.com/top-right-news/warning-signs-that-a-friend-or-loved-one-is-abusing-drugs/. The last paragraph of the article states: "**Be Careful Researching Rehab Centers:** Rehab review websites may not be as independent as you may think. In a recent article by The Verge, rehab centers such as Cliffside Malibu owns review websites such as theFix.com." By warning readers of review sites that are owned by operators of rehab facilities, denverijournal.com implicitly communicates that it is independent and trustworthy. The Prentisses decline to reveal that denverijournal.com is itself owned by the Prentisses, who are competitors of Cliffside.

**The Prentisses Pretend To Be a College**

34.     The website https://www.westerncollege.com/ has an address that suggests that it is associated with a college. It purports to be a "Drug and Alcohol Addiction Blog," and nowhere discloses it is owned by the Prentisses, as opposed to an educational institution.

35.     Upon information and belief, the website https://www.westerncollege.com/ ***was*** associated with Western Career College, a vocational school for jobs in the healthcare field, before the Prentisses bought it.

36.     The website https://www.westerncollege.com/ now exists to promote the Prentisses' putative treatment facilities:

a.     As of December 2017, the homepage of https://www.westerncollege.com purported to offer a "story" about Passages and a "review" of Passages'

S T R I S | 725 S. FIGUEROA ST, STE 1830
M A H E R | LOS ANGELES, CA 90017

Malibu facility that are nothing more than advertisements for the Prentisses' businesses, as follows:







b.   Indeed, the website purports to have a "Rehab Reviews" page, accessible at https://www.westerncollege.com/category/rehab-reviews/. But the ***only*** rehab center that the website reviews is Passages Malibu, which the website reviews three times. The reviews are highly favorable, asserting for example,: "In the list of to [sic] 10 rehabs in California, Passage [sic] Malibu stands first over all the California [sic] for its best services."

**The Prentisses Pretend To Be Treatment Blogs**

37.   The website https://www.ghctotalhealth.org ***looks like*** a blog covering topics related to drug and alcohol treatment, and the website https://www.discoveryretreats.com also ***looks like*** a treatment blog. Upon information and belief, however, both are secretly owned by the Prentisses, and are intended to falsely give the impression to potential customers that independent evaluators think highly of Passages' services.

38.     As of February 2018, the homepage of https://www.ghctotalhealth.org/ looked like this:



39.     The front page links to an "article" (hosted at https://www.ghctotalhealth.org/rehab-review/5-luxury-rehab-centers-in-malibu-california/) that subjectively ranks rehab centers. Passages is listed first, and no mention is made of the common ownership between the GHC Total Health website and the owners of Passages.

40.     The website https://www.discoveryretreats.com is used in a similarly misleading way. As of February 2018, the homepage of https://www.discoveryretreats.com looked like this:



STRIS MAHER | 725 S. FIGUEROA ST. STE 1830 | LOS ANGELES, CA 90017

24

41.     The website offers several "posts" about Passages Malibu, which are nothing more than advertorials presented in a way indistinguishable from legitimate editorial content.

42.     The only rehab center that the website "reviews" is Passages Malibu, which it reviews three times—twice as Passages Malibu and once under the pseudonym "Luxury Rehab Centers in Malibu," a phrase that hyperlinks to a Passages website. One review claims that there is "[n]o better place to save your live [sic] or that of your loved ones, other than Passages Malibu." The reviews also attack other rehab centers, claiming that Passages is "[t]he only rehab around town where they lift their patients up, not tear them down. This positivity helps them to let go of their addiction to drugs and alcohol in just 30 days stay at the Malibu mansion." The credibility of these statements obviously depend on who is making them. By hiding the ownership of the site, the Prentisses actively mislead readers regarding the quality of information it is offering about its rehab facilities.

43.     Upon information and belief, there are other websites, similar to the foregoing, that deceptively claim to be neutral publications, yet are secretly owned by Passages to give the impression that impartial evaluators prefer Passages to its competitors.

44.     Upon information and belief, all of these websites were acquired by the Prentisses, and the relevant content discussed herein published, in or after March 2016.

**C.   The Prentisses Falsely Claim to Have a Non-Existent Cure for Addiction.**

45.     The Prentisses also lure people struggling to overcome chemical dependence to their putative treatment facilities by pretending to have discovered a "cure" for addiction.

46.     Addiction is a chronic condition that afflicts millions of Americans and poses a lifelong struggle. In the words of the American Society of Addiction Medicine: "Addiction is a chronic disease. Relapse prevention efforts are ongoing, especially during the first months to two years. Maintenance of disease remission is a life-long

process and should be followed as with all other chronic relapsing illnesses such as diabetes and hypertension." American Society of Addiction Medicine, *Public Policy Statement on Treatment for Alcohol and Other Drug Addiction* (rev. Jan. 2010). The National Institute on Drug Abuse similarly defines addiction as "a chronic, relapsing brain disease." National Institute on Drug Abuse, *The Science of Drug Abuse and Addiction: The Basics* (Oct. 2016).

47.     Within the reputable treatment community, it is ***undisputed*** that no cure for addiction exists. The Hazelden Betty Ford Foundation counsels that addiction is "chronic – there is no cure, but it can be managed." The academic literature agrees. *See, e.g.*, Yngvild Olsen & Joshua Sharfstein, *Confronting the Stigma of Opioid Use Disorder—and Its Treatment*, 311:14 J. Am. Med. 1393, 1393 (April 9, 2014) ("Opioid use disorder, like all substance use disorders, is a chronic illness for which there is no cure."); Eric D. Morse, *Addiction is a Chronic Medical Illness*, 79:3 N.C. Med. J. 163, 163 (2018) ("Like most chronic medical illnesses, there is no 'cure' for addiction.").

48.     Even though every reputable professional flatly denies that substance addiction is curable, the Prentisses advertise to the public that they have a cure. To illustrate, the Prentisses have published the following promotional statements about their purported ability to cure substance addiction within the last three years:

a.      "At Passages, we want to help you identify why you are using so that you can be **cured of addiction, forever.**"[1]

b.      "The **cure for addiction** starts by finding the right team, and Passages believes that you have the power to permanently end your addiction."[2]

---

[1] https://b.passagesmalibu.com/cure-for-addiction/, *last accessed* July 20, 2018. Upon information and belief, this statement was first published on April 16, 2018.

[2] https://b.passagesmalibu.com/cure-addiction/, *last accessed* July 23, 2018. Upon information and belief, this statement was first published on May 8, 2018.

ANSWER AND COUNTERCLAIMS
CASE NO. 2:18-CV-00923-SVW-RAO

STRIS MAHER | 725 S. FIGUEROA ST. STE 1830 | LOS ANGELES, CA 90017

c.      "Call Passages at 888-**THE-CURE**."[3]

(emphasis added).

49.    These statements are designed to persuade addicts to seek treatment at Passages. The Prentisses publicize their claim to possess a cure through internet, television, and print advertisements, as well as in brochures and personal appearances.

50.    Yet the Prentisses know that they do not possess a cure, and that there is in fact no cure. Moreover, the Prentisses do not even know how many of their patients are successfully treated; upon information and belief, Passages does not track the recidivism rates of its patients after they are discharged.

**C.    The Prentisses Tout the Imaginary Cure of Pax Prentiss.**

51.    There is no better way to sell a false claim than with personal anecdotes; since time immemorial, mountebanks have fooled their marks by testifying to the miraculous effects their snake oil has had on themselves or their children. So too here. To attract customers at the expense of their competitors, the Prentisses tout that Pax Prentiss is a former addict who their methods "cured" and have kept sober for "fifteen years." Pax is neither cured nor fifteen years sober.

52.    According to the Prentisses' lore, their approach cured Pax Prentiss after conventional methods failed. Within the past three years, they've made the following statements disparaging conventional treatment methods for failing Pax:

a.      "It all started when Chris Prentiss tried to get his son, Pax, sober from a horrific addiction to heroin, cocaine and alcohol. After ten years of fruitless struggle, it became apparent that 12-Step programs and traditional group meeting rehabs **were not working** for Pax."[4]

---

[3]    *See, e.g.*, https://www.ispot.tv/ad/whsw/passages-malibu-heal-your-body ("Call Passages at 888-THE-CURE."). Upon information and belief, this statement was first published when it aired in 2018.

[4]    https://malibuluxuryrehab.com/, *last accessed* July 20, 2018. Upon information and belief, this statement was first published in 2016 or later.

S T R I S | 725 S. FIGUEROA ST. STE 1830
M A H E R | LOS ANGELES, CA 90017

b.     "Pax went to treatment centers that used the 12-Step program – 30 day, 60 day, and 90 day programs. **Nothing worked**. He would relapse almost immediately upon coming home."[5]

c.     "Throughout that horrific time, my Dad and I tried over and over again to get me sober. I detoxed myself at home many times, went to AA meetings, stayed 30, 60, and 90 days in treatment centers, and pretty much tried everything else that was available at the time. **None of it worked.** I relapsed time and time again."[6]

d.     "Making matters worse, I was being treated with an **antiquated treatment philosophy** based on the disease concept and 12-Step methods."[7] (emphasis added).

53.     The Prentisses attribute the supposed recovery of Pax Prentiss to their treatment method, which they claim to make available to the public at their facilities. To illustrate, the Prentisses have made the following promotional statements about their cure of Pax Prentiss within the last three years:

a.     "**I finally achieved sobriety** through the program that my dad and I devised."[8]

b.     After Pax had been "cured," the Prentisses represented the following conversation took place between father and son: "'Look, Dad, we know how

---

5  https://chrisprentiss.com/meet-chris, *last accessed* July 24, 2018. Upon information and belief, this statement was first published on or after November 13, 2015.

6  https://paxprentiss.com/paxs-story/, *last accessed* July 24, 2018. Upon information and belief, this statement was first published on or after November 12, 2015.

7  https://paxprentiss.com/paxs-story/, *last accessed* July 24, 2018. Upon information and belief, this statement was first published on or after November 12, 2015.

8  https://paxprentiss.com/paxs-story/, *last accessed* July 24, 2018. Upon information and belief, this statement was first published on or after November 12, 2015.

S T R I S | 725 S. FIGUEROA ST, STE 1830
M A H E R | LOS ANGELES, CA 90017

ANSWER AND COUNTERCLAIMS
CASE NO. 2:18-CV-00923-SVW-RAO

to do this. Let's open a treatment center and offer the same program that saved me.' That was 15 years ago."[9]

        c.    "Take it from me; **I am living proof of that this method works**."[10]

        d.    "[Our] non-12-step method **worked for me**, it can work for you too."[11]

(emphasis added).

54.    Yet Pax Prentiss has not been sober for fifteen years; indeed, on information and belief, he continues to use drugs and or alcohol to this day. He is not "cured."

55.    The Prentisses claimed in late 2015 that Pax was cured "fifteen years" ago.[12] A necessary condition for that to be true is that Pax must not have used drugs or alcohol since 2000. But he in fact has continued to engage in substance abuse during this period:

        a.    Chris Prentiss himself has admitted Pax has used drugs and had "serious drug problems" in that time period.

        b.    An in-house employee of the Prentisses, Rana Ayzeren, testified that Pax used drugs during that time period.

        c.    A former employee of Passages, Cynthia Bezago, testified to discussions among Passages employees about Pax's ongoing drug use in 2015.

---

[9] https://chrisprentiss.com/meet-chris, *last accessed* July 24, 2018. Upon information and belief, this statement was first published on or after November 13, 2015.

[10] https://paxprentiss.com/about-passages, *last accessed* July 24, 2018. Upon information and belief, this statement was first published on or after November 13, 2015.

[11] https://www.youtube.com/watch?v=3c-rHptkt0A, *last accessed* July 20, 2018. Upon information and belief, this statement was first published on or after February 25, 2016.

[12] *See* https://chrisprentiss.com/, *last accessed* July 24, 2018. Upon information and belief, this statement was first published on or after November 13, 2015.

S T R I S | 725 S. FIGUEROA ST. STE 1830
M A H E R | LOS ANGELES, CA 90017

29

d.    Upon information and belief, Pax Prentiss is, even today, not "cured" of his substance addiction, and continues his substance abuse notwithstanding his purported "cure."

56.    The Prentisses' lies, misrepresentations, and unfair practices hurt Cliffside:

a.    The Prentisses' creation and maintenance of secretly-owned websites—including one impersonating the City of Baltimore—that purport to be neutral sources that favorably evaluated Passages' facilities and treatment methods disadvantaged Cliffside. Potential customers were deceived, and Cliffside suffered loss of sales (including diversion of business) and goodwill.

b.    The Prentisses' misrepresentations about possessing a cure, about having cured Pax Prentiss, and about Pax being sober for fifteen years likewise disadvantaged Cliffside and resulted in the loss of customers and goodwill. Potential customers were deceived, and Cliffside suffered loss of sales (including diversion of business) and goodwill.

**FIRST CAUSE OF ACTION**

**Lanham Act (15 U.S.C. § 1125(a)(1))**

(Cliffside v. The Prentisses)

57.    Cliffside incorporates all paragraphs in this pleading by reference as if fully set forth herein.

58.    The Lanham Act prohibits the Prentisses from making false and misleading statements about the nature of their services that deceive consumers and damage Cliffside. *See* 15 U.S.C. § 1125(a)(1).

59.    To state a claim under the Lanham Act, Cliffside must allege facts showing that "(1) the defendant made a false statement about the plaintiff's or its own product; (2) the statement was made in commercial advertisement or promotion; (3) the statement actually deceived or had the tendency to deceive a substantial segment of its audience; (4) the deception is material; (5) the defendant caused its false

30

S T R I S | 725 S. FIGUEROA ST, STE 1830
M A H E R | LOS ANGELES, CA 90017

statement to enter interstate commerce; and (6) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to the defendant, or by a lessening of goodwill associated with the plaintiff's product." *Newcal Indus., Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1052 (9th Cir. 2008) (internal quotation marks omitted).

60.    The pleaded facts satisfy all those conditions. The Prentisses' multifaceted lies regarding the addiction cure, as well as their creation and maintenance of secretly-owned websites that posed as neutral arbiters but were and are not, are false statements under the Act. They are also explicit commercial statements made in interstate commerce that intended to, and did in fact, deceive their target audience, resulting in Cliffside suffering a loss of sales (including diversion of business) and goodwill, in an amount in excess of $50 million.

## SECOND CAUSE OF ACTION

### False Advertising (Cal. Bus. & Prof. Code §§ 17500 *et seq.*)

(Cliffside v. The Prentisses)

61.    Cliffside incorporates all paragraphs in this pleading by reference as if fully set forth herein.

62.    To state a clam for false advertising under California law, Cliffside must allege that "(1) the defendant[s] made untrue or misleading statements and (2) the defendant[s] knew, or by the exercise of reasonable care should have known, that the statements were untrue or misleading." *See, e.g.*, *Essence Imaging Inc. v. Icing Images LLC*, No. 2:13-CV-5449-CAS, 2014 WL 1384028, at *2 (C.D. Cal. Apr. 9, 2014) (citation omitted). Cliffside must also allege "a loss or deprivation of money or property" occurring as a result of the challenged business practice. *Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310, 322-24 (2011).

63.    The pleaded facts satisfy those conditions. The Prentisses' multifaceted lies regarding the addiction cure, as well as their creation and offering of secretly-owned websites that posed as neutral arbiters but were and are not, are "untrue or

S T R I S | 725 S. FIGUEROA ST, STE 1830
M A H E R | LOS ANGELES, CA 90017

31

misleading" conduct under California law. The Prentisses also knew or should have known that these statements and practices were untrue and/or would be misleading to customers. As a result of the Prentisses' conduct, Cliffside lost sales (including diversion of business) and business goodwill, in an amount in excess of $50 million.

### THIRD CAUSE OF ACTION

### Unfair Competition (Cal. Bus. & Prof. Code §§ 17200 *et seq.*)

(Cliffside v. The Prentisses)

64.     Cliffside incorporates all paragraphs in this pleading by reference as if fully set forth herein.

65.     California Business & Professions Code §§ 17200 *et seq.* ("UCL") prohibits unfair competition. The UCL broadly defines "unfair competition" to "mean and include any unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Its purpose "is to protect both consumers *and competitors* by promoting fair competition in commercial markets for goods and services." *Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310, 320 (2011) (emphasis in original) (citation omitted).

66.     To state a claim under the UCL, Cliffside must allege facts that suffice to show unfair, unlawful, or fraudulent conduct. As with a false advertising claim, Cliffside must also allege "a loss or deprivation of money or property" occurring as a result of the challenged business practice. *Kwikset Corp.*, 51 Cal. 4th at 322.

67.     The Prentisses' pleaded conduct is unlawful and fraudulent:

a.     **Unlawful.** An unlawful act or practice is one that violates a command of substantive law. The Prentisses' practices violate, at a minimum, the Lanham Act, California's false advertising law, and California's law against negligent and intentional misrepresentation. *See* Cal. Civ. Code § 1709 (proscribing fraudulent deceit); *id.* § 1710(1) (defining deceit to include "[t]he suggestion, as a fact, of that which is not true, by one or does not believe it to be true"); *id.* § 1710(2) (defining

S T R I S | MAHER | 725 S. FIGUEROA ST, STE 1830 | LOS ANGELES, CA 90017

32

deceit to include "[t]he assertion, as of fact, of that which is not true, by one who has no reasonable ground for believing it to be true").

   b.   **Fraudulent.** A "fraudulent" business act or practice is one that (1) is likely to deceive the public, (2) causing plaintiffs to suffer an economic injury. The Prentisses' numerous false statements—with respect to both their secretly-owned websites posing as trusted sources and their representations about having a cure for addiction—were likely to, and did, deceive the public.

   68.   As a result of the Prentisses' conduct, Cliffside lost sales (including diversion of business) and business goodwill, in an amount in excess of $50 million.

## PRAYER FOR RELIEF

   WHEREFORE, Cliffside prays for judgment against the Prentisses as follows:

   1.   For monetary relief, in an amount to be proven at trial, plus all applicable interest and costs;

   2.   For equitable relief, including an injunction forbidding the Prentisses from continuing their wrongful and fraudulent misconduct;

   3.   For all attorneys' fees and costs incurred in bringing this action, to the extent recoverable by law; and

   4.   For all other relief the Court deems appropriate, proper, and just.

## DEMAND FOR JURY TRIAL

   Cliffside demands a trial by jury on all issues so triable.

                              Respectfully submitted,

Dated: August 1, 2018        **STRIS & MAHER LLP**

                              /s/ Peter K. Stris
                              Peter K. Stris
                              Brendan S. Maher
                              Elizabeth Brannen
                              Dana Berkowitz
                              Victor O'Connell

                              *Attorneys for Defendants and Counterclaim Plaintiffs*

S T R I S | 725 S. FIGUEROA ST. STE 1830
M A H E R | LOS ANGELES, CA 90017