1   **STRIS & MAHER LLP**
    PETER K. STRIS (SBN 216226)
2   peter.stris@strismaher.com
    BRENDAN S. MAHER (SBN 217043)
3   brendan.maher@strismaher.com
    ELIZABETH BRANNEN (SBN 226234)
4   elizabeth.brannen@strismaher.com
    DANA BERKOWITZ (SBN 303094)
5   dana.berkowitz@strismaher.com
    KENNETH J. HALPERN (SBN 187663)
6   ken.halpern@strismaher.com
    VICTOR O'CONNELL (SBN 288094)
7   victor.oconnell@strismaher.com
    725 S. Figueroa Street, Suite 1830
8   Los Angeles, CA 90017
    T: (213) 995-6800 | F: (213) 261-0299
9
    SHAUN P. MARTIN (SBN 158480)
10  smartin@sandiego.edu
    5998 Alcala Park, Warren Hall
11  San Diego, CA 92110
    T: (619) 260-2347 | F: (619) 260-7933
12
    *Attorneys for Defendants and*
13  *Counterclaim Plaintiffs*

14              **UNITED STATES DISTRICT COURT**

15              **CENTRAL DISTRICT OF CALIFORNIA**

16                    **WESTERN DIVISION**

17  GRASSHOPPER HOUSE, LLC,              Case No. 2:18-CV-923 SVW (RAOx)

18            Plaintiff,                 **DEFENDANTS' OPPOSITION TO
                                         PLAINTIFF'S MOTION TO STRIKE
19        v.                             DEFENDANTS' UNCLEAN HANDS
                                         AFFIRMATIVE DEFENSE**
20  CLEAN & SOBER MEDIA LLC, et al.

21            Defendants.

22  ─────────────────────────────

23  CLIFFSIDE MALIBU, et al.

24            Counterclaim Plaintiffs,
          v.
25
    GRASSHOPPER HOUSE, LLC, et al.
26
              Counterclaim Defendants.
27

28

*(left margin, vertical)* S T R I S | M A H E R   725 S. FIGUEROA ST. STE 1830 | LOS ANGELES, CA 90017

# TABLE OF CONTENTS

**Page**

Table of Authorities .................................................................................................. ii

Introduction .......................................................................................................... 1

Argument ............................................................................................................. 1

I.  Under Controlling Ninth Circuit Precedent, an Affirmative Defense Need Only Provide Fair Notice of the Grounds for the Defense. ....................... 1

II.  Defendants Have Adequately Pled the Defense of Unclean Hands ...................... 3

III.  Striking the Defense Would Not Limit Discovery, Because Defendants Are Pursuing Counterclaims that Are Broader Than the Affirmative Defense. .............................................................................. 8

Conclusion ........................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adler v. Fed. Republic of Nigeria*,
  219 F.3d 869 (9th Cir. 2000) ........................................................................5

*Certified Nutraceuticals v. Avicenna Nutraceutical*,
  No. 3:16-cv-02810, 2018 WL 3361142 (S.D. Cal. 2018) .............................7

*Choi v. 8th Bridge Capital, Inc.*,
  No. 2:17-cv-08958, 2018 WL 3469053 (C.D. Cal. July 16, 2018) ................2

*Cookse v. Ocean*,
  No. 2:17-cv-00839S, 2017 WL 8811737 (C.D. Cal. July 7, 2017) ...........2, 3

*Emco, Inc. v. Obst*,
  No. CV-03-6432, 2004 WL 1737355 (C.D. Cal. 2004) .................................7

*FLIR Sys., Inc. v. Sierra Media, Inc.*,
  965 F. Supp. 2d 1184 (D. Or. 2013) .............................................................6

*Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*,
  826 F.2d 837 (9th Cir. 1987) ........................................................................5

*Haagen-Dazs, Inc. v. Frusen Gladje Ltd.*,
  493 F. Supp. 73 (S.D.N.Y. 1980) .................................................................7

*Kohler v. Flava Enterprises, Inc.*,
  779 F.3d 1016 (9th Cir. 2015) ......................................................................3

*Out of the Box Enterprises v. El Paseo Jewelry Exchange*,
  No. CV-10-01858, 2012 WL 12893524 (C.D. Cal. 2012) ...........................7

*Pom Wonderful LLC v. Coca Cola Co.*,
  166 F. Supp. 3d 1085 (C.D. Cal. 2016) ........................................................8

*Pom Wonderful LLC v. Tropicana Prod., Inc.*,
  No. CV-09-00566, 2010 WL 11519185 (C.D. Cal. Nov. 1, 2010) ...............8

*Pom Wonderful LLC v. Welch Foods, Inc.*,
  737 F. Supp. 2d 1105 (C.D. Cal. 2010) ........................................................8

ii

STRIS | 725 S. FIGUEROA ST. STE 1830
MAHER | LOS ANGELES, CA 90017

**Page(s) (cont.)**

**Cases (cont.)**

*Pond v. Ins. Co. of N. Am.*,
   151 Cal. App. 3d 280 (1984) ...................................................................6

*Puccio v. Love*,
   No. 16-CV-2890, 2018 WL 1449399 (S.D. Cal. Feb. 26, 2018) ............................2

*Rosen v. Masterpiece Marketing Grp.*,
   222 F. Supp. 3d 793 (C.D. Cal. 2016) ........................................................2

*Simmons v. Navajo County, Arizona*,
   609 F.3d at 1023 (9th Circuit 2016) ..........................................................3

*Stokely-Van Camp, Inc. v. Coca-Cola Co.*,
   646 F. Supp. 2d 510 (S.D.N.Y. 2009) ...............................................6, 7

*Trafficschool.com, Inc. v. EDriver, Inc.*,
   633 F. Supp. 2d 1063 (C.D. Cal. 2008) ......................................................7

*Wyshak v. City Nat'l Bank*,
   607 F.2d 824 (9th Cir. 1979) ....................................................................2

**Statutes**

Lanham Act, 15 U.S.C. §§ 1051 *et. seq.*..........................................................6

**Other Authorities**

Federal Rule of Civil Procedure 8 ...................................................................2

Federal Rule of Civil Procedure 12 .................................................................1

STRIS | 725 S. FIGUEROA ST, STE 1830
MAHER | LOS ANGELES, CA 90017

S T R I S | 725 S. FIGUEROA ST. STE 1830
M A H E R | LOS ANGELES, CA 90017

# INTRODUCTION

In its amended complaint, Plaintiff Grasshopper House LLC ("Passages") accuses Defendants Cliffside Malibu and Richard Taite ("Defendants") of wrongful conduct based on Defendants' alleged ownership of a drug treatment-related website (*The Fix*) that, according to Passages, "purported" to be "disinterested." First Amended Complaint ("Am. Compl."), ECF No. 30, ¶ 3. Passages alleges that the website "promoted" a treatment center owned by Defendants and "denigrated" Passages' facility, and complains that the website failed to disclose its ownership and that its reviews "are really advertising." Am. Compl. ¶¶ 24, 26(a), 26(d).

But Passages engages in the very same conduct it mistakenly tries to pin on Defendants. Passages operates deceptive and misleading websites that, in guise of neutral and even government-sponsored content, hawk Passages' facility and link to unfavorable coverage of defendant Cliffside's facility. Defendants have accordingly pled unclean hands as an affirmative defense.

The Court should reject Passages' baseless effort to strike this affirmative defense. Passages desperately wants to avoid discovery that would expose its deceptive marketing tactics. *See* Plaintiff's Notice of Motion and Motion to Strike Defendants' "Unclean Hands" Affirmative Defense, ECF No. 59 ("Pl.'s Mot. Strike"), at 6. But it cites no persuasive ground for striking this affirmative defense. Defendants have provided fair notice of the grounds for the defense, it is adequately pled, and (particularly given Defendants' related counterclaims) Passages cannot avoid discovery on the issue in any case.

# ARGUMENT

## I. Under Controlling Ninth Circuit Precedent, an Affirmative Defense Need Only Provide Fair Notice of the Grounds for the Defense.

Passages moves under Rule 12(f) to strike Defendants' unclean hands defense. As courts in this district have repeatedly noted, motions to strike a defense as insufficient are "disfavored by federal courts because of their somewhat dilatory and

1

S T R I S
M A H E R

725 S. FIGUEROA ST. STE 1830
LOS ANGELES, CA 90017

1   often harassing character." *Rosen v. Masterpiece Marketing Grp.*, 222 F. Supp. 3d 793,

2   797 (C.D. Cal. 2016) (quotation omitted); *see also Choi v. 8th Bridge Capital, Inc*.,

3   No. 17-cv-08958, 2018 WL 3469053, at *3 (C.D. Cal. July 16, 2018) ("Because of the

4   limited importance of pleadings in federal practice, motions to strike are disfavored.").

5   Indeed, motions to strike are "usually . . . denied unless the allegations in the pleading

6   have no possible relation to the controversy, and may cause prejudice to one of the

7   parties." *Puccio v. Love*, No. 16-cv-02890, 2018 WL 1449399, at *4 (S.D. Cal. Feb.

8   26, 2018) (quotation omitted).

9       Passages wrongly contends that the Court must assess an affirmative defense

10   based on the heightened pleading standard of *Twombly/Iqbal*. As this Court has

11   correctly held, the "prevailing rule in this circuit regarding motions to strike answers

12   has been that affirmative defenses need only give a plaintiff fair notice of the defense."

13   *Cookse v. Ocean*, No. 17-cv-00839S, 2017 WL 8811737, at *2 (C.D. Cal. July 7, 2017)

14   (Wilson, J.). That standard was set forth in *Wyshak v. City Nat'l Bank*, 607 F.2d 824,

15   827 (9th Cir. 1979), where the Ninth Circuit held that the "key to determining the

16   sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice

17   of the defense." As another district court has explained, "the pleading standard set forth

18   in *Twombly* and *Iqbal* is grounded in Federal Rule of Civil Procedure 8(a)(2), which

19   governs claims, rather than Federal Rule of Civil Procedure 8(c), which governs

20   affirmative defenses," and thus "the standard developed in those cases does not apply"

21   to affirmative defenses. *Puccio*, 2018 WL 1449399, at *8.

22       In arguing for a heightened standard, Passages relies on decisions of other

23   district judges applying the *Twombly/Iqbal* standard to affirmative defenses. Pl.'s Mot.

24   Strike at 4-5 (citing *Gencarelli v. Twentieth Century Fox Film Corp*., No. 17-cv-02818,

25   2018 WL 376664, at *2 (C.D. Cal. Jan. 11, 2018)). This Court has recognized the intra-

26   district split on this issue, however, and held that the "lenient" fair notice standard

27   applies in the Ninth Circuit until that Court says otherwise. *Cookse*, 2017 WL 8811737,

28   at *2. The Ninth Circuit has not revisited its articulation of the standard in *Wyshak v.*

2

*City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). To the contrary, the Court has reaffirmed that standard post-*Iqbal. See Kohler v. Flava Enterprises, Inc*., 779 F.3d 1016, 1019 (9th Cir. 2015) ("'fair notice' required by the pleading standards only requires describing the defense in 'general terms'"); *Simmons v. Navajo County, Arizona*, 609 F.3d 1011, 1023 (9th Cir. 2016).

## II.   Defendants Have Adequately Pled the Defense of Unclean Hands.

Passages cannot plausibly contend that the pleadings fail to provide fair notice of Defendants' unclean hands defense. Indeed, Passages' motion confirms that it has notice of and understands the general factual basis for the defense. Pl.'s Mot. Strike at 4 (citing Defendants' anti-SLAPP motion and counterclaims as providing basis for defense); *id.* at 5 (describing defense as "based on Plaintiff's purported transgression of failing to disclose an ownership interest in five websites").

Consistent with this Court's ruling in *Cookse*, that is sufficient, because the "rule only requires fair notice to the Plaintiff of defenses that might be utilized by the Defendant later in the litigation." 2017 WL 8811737, at *2. A motion to strike filed early in the litigation is not the vehicle for assessing the validity of defenses that have been adequately pled. *See id.* ("The Plaintiff now has notice of all possible affirmative defenses, even if they are stated in a conclusory fashion. That is all the law of this circuit requires, and therefore the Court will not evaluate the factual basis of each defense at this time.").

Further, even if the Court were to apply a more stringent standard, Defendants have adequately pled a factual and legal basis for the defense.

***First***, Passages' assertion that Defendants failed to "provide any notice of [the] factual underpinnings" for the defense is baseless. Pl.'s Mot. Strike at 5. Defendants' counterclaims set forth in detail the facts relevant to the unclean hands defense. The counterclaim allegations explain how Passages operates sham websites that endorse their own facilities and disparage their competitors. *See* Defendants' Answer to Plaintiff's First Amended Complaint, ECF No. 53 ("Defs.' Answer"), ¶¶ 2-3, 21. The

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE
CASE NO. 2:18-CV-923 SVW (RAOX)

STRIS MAHER | 725 S. FIGUEROA ST. STE 1830 LOS ANGELES, CA 90017

1  websites "pose as neutral sources while in fact promoting the Prentisses' putative
2  treatment facilities without disclosing that the sites are owned and controlled by the
3  Prentisses." *Id.* ¶ 22. Defendants have provided detailed allegations about a site that
4  pretends to be an official webpage of the City of Baltimore, another that appears to be
5  a local Denver publication, and yet another that appears to be a college. *Id.* ¶¶ 24-36.
6  Each of these sites misleads the public with the appearance of a neutral, trusted
7  institution and promotes Passages' facilities without disclosing that Passages operates
8  the website. *See id.*

9      Passages' sham websites also target and disparage Defendants and the Cliffside
10 treatment facility. *Id.* ¶¶ 27-29, 33. Passages argues that its transgression is unrelated
11 to Defendants' alleged conduct because its case is not about "the practice of running
12 anonymous sites," but is instead about "anonymously using a rating website to falsely
13 malign a competitor." Pl.'s Mot. Strike at 6. Passages insists it is innocent of such
14 conduct because its sites "don't rate or review drug treatment facilities, don't malign
15 Cliffside, and don't provide false information to consumers." *Id.*

16     But these factual assertions by Passages are demonstrably false. Passages' sites
17 have "rehab reviews" that laud Passages' rehab facilities, rank it the top rehab center,
18 and attack other rehab facilities, claiming that Passages is "[t]he only rehab around
19 town where they lift their patients up, not tear them down." Defs.' Answer ¶¶ 36, 39,
20 42 (Cliffside's facility is in Malibu, the same town as Passages'). Further, on the
21 "Baltimore" site, Passages has posted a link to an article from the *Verge* entitled
22 "Review Sites Have Deep Ties to the Rehabs They Promote." The *Verge* article
23 criticizes Richard Taite for owning websites that purport to be impartial (but allegedly
24 are not) and for not causing those websites to more prominently disclose that they were
25 under common ownership with Cliffside Malibu. *Id.* ¶ 27. Passages has also used
26 metatags and hyperlinks on the "Baltimore" site to capture search engine traffic of
27 persons looking for the Cliffside Malibu homepage and redirect them to the *Verge*
28

4

article. All of this is done, of course, without any disclosure of the sites' true ownership and purpose. *Id.* ¶ 22.

The factual detail supplied by Defendants' counterclaims goes far beyond what is required by the "fair notice" standard and readily satisfies even a heightened pleading standard. And, as Passages acknowledges, Defendants also explained the defense in Defendants' anti-SLAPP motion. *See* Memorandum of Points and Authorities in Support of Defendants' Renewed Special Motion to Strike, ECF No. 34-1 ("Def. Mem. Renewed Mot. Strike"), at 22-24. Defendants have more than satisfied their pleading obligations.

***Second***, on the facts alleged, the defense of unclean hands is legally sufficient. Unclean hands "closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant." *Adler v. Fed. Republic of Nigeria*, 219 F.3d 869, 877 (9th Cir. 2000). Passages alleges that Defendants operate a website that denigrates Passages' facility and promotes Defendants' facility, and does so without disclosing its affiliation. Am. Compl. ¶ 24. Defendants allege that Passages does the same thing:

> Put differently, through the Baltimore Health website, the Prentisses do everything they can to direct the public to an article that criticizes Richard Taite and Cliffside ***for not being forthright about who owns a website***. They do so from a website that falsely appears to be owned by the City of Baltimore, but which they really own. This is more than the pot calling the kettle black; it is the pot calling the kettle black while impersonating a municipality.

Counterclaim Plaintiffs' Counterclaims, ECF No. 53 ("Counterclaim Pls.' Counterclaims"), ¶ 29 (emphasis in original). Passages' operation of these sham websites is not "irrelevant" or an "extraneous transgression[]," as Passages asserts. Pl.'s Mot. Strike 5. Passages' misleading and deceptive conduct is related to the "very

S T R I S | 725 S. FIGUEROA ST. STE 1830
M A H E R | LOS ANGELES, CA 90017

5

subject matter involved" and the "equitable relations between the litigants." *Pond v. Ins. Co. of N. Am.*, 151 Cal. App. 3d 280, 290 (1984) (citation omitted).

Indeed, there is no serious question that the facts alleged by Defendants are sufficient to meet the Ninth Circuit's standard for unclean hands: that "defendant must demonstrate that the plaintiff's conduct is inequitable and that the conduct relates to the subject matter of its claims." *Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F.2d 837, 847 (9th Cir. 1987). As the Ninth Circuit explained in *Fuddruckers*, equity "requires that those seeking its protection shall have acted fairly and without fraud or deceit as to the controversy in issue." *Id.* (emphasis and quotation omitted). "In an action for false advertising, the unclean hands of the plaintiff must relate to the same type of product the defendant allegedly falsely advertised." *FLIR Sys., Inc. v. Sierra Media, Inc.*, 965 F. Supp. 2d 1184, 1193 (D. Or. 2013). But that standard is easily satisfied here. Passages offers rehab facilities that compete with Cliffside's and contends that "The Fix misleads readers by failing to disclose that its reviews and ratings of Cliffside Malibu and Passages Malibu are really advertising." Am. Compl. ¶ 26(d). But Passages has not disclosed that its own links, stories, and reviews are in fact "advertorials" masquerading as neutral sources—including, egregiously, pretending to be a government health department. Counterclaims ¶¶ 26, 32(b), 36(a)-(b), 39-42. Notably, this Court held in denying Defendants' motion to dismiss that "websites violate the Lanham Act when they take advantage of their purported lack of bias to disseminate false or misleading information." Order, ECF No. 51 ("July 18 Order"), at 8-9. Defendants allege that Passages has done exactly that. Defs.' Answer ¶¶ 57-60 ("creation and maintenance of secretly-owned websites that posed as neutral arbiters but were and are not, are false statements under" Lanham Act). Passages' related and inequitable conduct is enough to support the defense.

Indeed, courts "have routinely found that a plaintiff's misconduct relates to the subject matter of its claims where, as here, the plaintiff has engaged in the same kind of behavior that it challenges." *Stokely-Van Camp, Inc. v. Coca-Cola Co.*, 646 F. Supp.

2d 510, 533 (S.D.N.Y. 2009) (sustaining defense where Gatorade had made same marketing claims about calcium and magnesium that it alleged Powerade made); *Haagen-Dazs, Inc. v. Frusen Gladje Ltd*., 493 F. Supp. 73, 76 (S.D.N.Y. 1980) (because Haagen-Dazs "has attempted to package its product in such a way as to give the impression that it is of Scandinavian origin," when it is not, it is "guilty of the same deceptive trade practices of which it accuses" Frusen Gladje and its hands are "similarly unclean").

That Passages operates websites that deceptively claim to be impartial is surely an equitable bar to its claims that Cliffside operates a website that deceptively claims to be impartial. For example, Judge Anderson held in *Trafficschool.com, Inc. v. EDriver, Inc.*, 633 F. Supp. 2d 1063 (C.D. Cal. 2008), that unclean hands was established when plaintiff claimed that defendant operated the "dmv.org" website to deceptively imply a governmental affiliation yet itself operated websites (including internetdmv.com) that did a similar thing. *Id*. at 1083-84. The Central District similarly found that unclean hands barred relief in *Emco, Inc. v. Obst*, No. CV-03-6432, 2004 WL 1737355 (C.D. Cal. 2004), when the plaintiff claimed defendant falsely advertised the geographic origin of its products yet plaintiff falsely advertised where its products came from as well. *Id*. at *4-5. These cases are dispositive.

Other cases from this District have also found unclean hands to apply even when the competing false representations were worlds apart from the similarity that exists in the present case. *See, e.g.*, *Out of the Box Enterprises v. El Paseo Jewelry Exchange*, No. 10-cv-01858, 2012 WL 12893524, *10 (C.D. Cal. 2012) (defendant that allegedly falsely advertised that it would pay 92% of the value of gold jewelry given to it could introduce evidence of plaintiff's alleged unclean hands in falsely advertising that it would donate 10% of jewelry's value to charity); *see also Certified Nutraceuticals v. Avicenna Nutraceutical*, No. 16-cv-02810, 2018 WL 3361142, *4-5 (S.D. Cal. 2018) (unclean hands may bar claim that defendant falsely advertised that its products were

S T R I S | 725 S. FIGUEROA ST. STE 1830
M A H E R | LOS ANGELES, CA 90017

patented when plaintiff had different products that it also falsely claimed were patented). If unclean hands was found relevant there, it surely is relevant here.

In its effort to defeat the unclean hands defense, Passages mischaracterizes both its claims and Defendants' allegations. Passages claims that its case is about "falsely maligning a competitor," Pl.'s Mot. Strike at 6, when in fact its complaint includes allegations of false advertising based on Defendants' alleged promotion of their own facility. *E.g.*, Am. Compl. ¶¶ 26(d), 37, 54; July 18 Order at 9. Passages also contends that its websites "don't rate or review drug treatment facilities, don't malign Cliffside, and don't provide false information to consumers." Pl.'s Mot. Strike at 6. But Defendants have credibly alleged otherwise, with allegations that include screenshots of the websites at issue. Counterclaims ¶¶ 24-36. Fact disputes are a merits question. Defendants have alleged conduct by Passages that is closely related to the subject matter of Passages' allegations and exposes Passages' deceptive practices and hypocritical pleadings.[1] Defendants' defense of unclean hands is legally sufficient and Passages' motion to strike must be denied.

## III. Striking the Defense Would Not Limit Discovery, Because Defendants Are Pursuing Counterclaims that Are Broader Than the Affirmative Defense.

Finally, Passages' rationale for the motion to strike is meritless as well. Passages seeks to deter what it deems to be "irrelevant" discovery. But even if the Court were to strike the affirmative defense, Defendants are still entitled to discovery on their counterclaims, which are directed in part to Passages' websites. Passages cannot shield

---

[1] Plaintiffs cite *Pom Wonderful LLC v. Welch Foods, Inc.*, 737 F. Supp. 2d 1105, 1110 (C.D. Cal. 2010), for the proposition that the "'misconduct that forms the basis for the unclean hands defense [must be] directly related to plaintiff's use or acquisition of the right in suit.'" Pl.'s Mot. Strike 5. But the *Welch Foods* articulation of the standard has been criticized as too narrow and not in line with Ninth Circuit precedent. *See Pom Wonderful LLC v. Coca Cola Co.*, 166 F. Supp. 3d 1085, 1095 (C.D. Cal. 2016) (holding that "[d]irect relation" . . . is not the standard applied in the Ninth Circuit"); *Pom Wonderful LLC v. Tropicana Prod., Inc.*, No. 09-cv-00566, 2010 WL 11519185, at *2 (C.D. Cal. Nov. 1, 2010) ("Court interprets the affirmative defense of unclean hands more broadly" than *Welch Foods*).

S T R I S | 725 S. FIGUEROA ST, STE 1830
M A H E R | LOS ANGELES, CA 90017

1    its misleading and deceptive marketing practices from Defendants' legitimate

2    discovery requests.

3                                    **CONCLUSION**

4            The motion to strike should be denied.

5                                          Respectfully submitted,

6    Dated: September 10, 2018

7                                          /s/ Peter K. Stris
                                           Peter K. Stris
8                                          Brendan S. Maher
                                           Elizabeth Rogers Brannen
9                                          Dana Berkowitz
                                           Kenneth J. Halpern
10                                         Victor O'Connell

11                                         STRIS & MAHER LLP
                                           725 S. Figueroa Street, Suite 1830
12                                         Los Angeles, CA 90017
                                           T: (213) 995-6800 | F: (213) 261-0299

13
                                           Shaun P. Martin
14                                         5998 Alcala Park, Warren Hall
                                           San Diego, CA 92110
15                                         T: (619) 260-2347 | F: (619) 260-7933

16                                         *Attorneys for Defendants and Counterclaim*
                                           *Plaintiffs*

17

18

19

20

21

22

23

24

25

26

27

28

                                          9