Jason Levin (161807)
*jlevin@steptoe.com*
Bennett Evan Cooper (128544)
*bcooper@steptoe.com*
Jennifer Morrow (185964)
*jmorrow@steptoe.com*
Melanie A. Ayerh (303211)
*mayerh@steptoe.com*
**STEPTOE & JOHNSON LLP**
633 West Fifth Street, Suite 700
Los Angeles, California 90071
Telephone: (213) 439-9400
Facsimile: (213) 439-9599

Attorneys for Plaintiff and Counterclaim Defendant Grasshopper House, LLC, and Counterclaim Defendants Passages Silver Strand, LLC, Chris Prentiss, and Pax Prentiss

*Additional Counsel are listed on the page following the caption*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

Grasshopper House, LLC,

Plaintiff,

v.

Clean & Sober Media LLC, et al.,

Defendants.

Cliffside Malibu, et al.,

Counterclaim Plaintiffs,

v.

Grasshopper House, LLC, et al.,

Counterclaim Defendants.

AND RELATED COUNTER-COUNTERCLAIMS

Case No. 2:18-CV-923 SVW (RAOx)

**JOINT [PROPOSED] JURY VERDICT FORM**

**Final Pretrial Conf.**
Date: February 11, 2019
Time: 3:00 p.m.
Ctrm: 10A

**Trial**
Date: February 19, 2019
Time: 9:00 a.m.
Ctrm: 10A

*Listing of Additional Counsel:*
**STRIS & MAHER LLP**
PETER K. STRIS (SBN 216226)
peter.stris@strismaher.com
BRENDAN S. MAHER (SBN 217043)
brendan.maher@strismaher.com
ELIZABETH BRANNEN (SBN 226234)
elizabeth.brannen@strismaher.com
DANA BERKOWITZ (303094)
dana.berkowitz@strismaher.com
VICTOR O'CONNELL (SBN 288094)
victor.oconnell@strismaher.com
725 S. Figueroa Street, Suite 1830
Los Angeles, CA 90018
T: (213) 995-6800 | F: (213) 261-0299

SHAUN P. MARTIN (SBN 158480)
smartin@sandiego.edu
University of San Diego School of Law
5998 Alcala Park, Warren Hall
San Diego, CA 92110
T: (619) 260-2347 | F: (619) 260-7933

Attorneys for Defendants and Counterclaim Plaintiffs

Plaintiff and Counterclaim Defendant Grasshopper House, LLC ("Grasshopper House") and Counterclaim Defendants Passages Silver Strand LLC, Chris Prentiss and Pax Prentiss ("Passages"), and Defendant and Counterclaim Plaintiff Cliffside Malibu, Defendants Richard L. Taite ("Mr. Taite") and Clean & Sober Media, LLC ("Clean & Sober Media"), and Counterclaim Plaintiffs Sunset Malibu, Cliffside Malibu II, Cliffside Malibu Outpatient Services, Cliffside Malibu 3, and Recovery Malibu (together with Cliffside Malibu, "Cliffside") hereby submit the following Proposed Jury Verdict Form.

The parties were unable to agree on joint instructions so the form includes each party's proposed verdict form questions.

# Grasshopper House and Passages' Proposed Verdict Form Questions

## INDEX

| Title |
| --- |
| (1) Passages Plaintiffs' claims of false advertising under the Lanham Act[1] |
| (2) Grasshopper House's claim of defamation per se |
| (3) Cliffside Counterplaintiffs' claim of false advertising under the Lanham Act[2] |

We, the jury, find the following on the questions submitted to us:

**CLAIM ONE**

**Passages Plaintiffs' claims of false advertising under the Lanham Act**

1. Have Defendants Clean & Sober Media; Cliffside Malibu; or Richard Taite, acting individually or in concert, made a false or misleading statement of fact about Passages Plainitiffs?

Yes_______ No_______

(If you answer "No" skip the remaining questions in this section and proceed to Claim Two)

2. Was the false statement(s) part of a commercial advertisement?

Yes_______ No_______

(If you answer "No" skip the remaining questions in this section and proceed to Claim Two)

---

[1] Together, Grasshopper House and Passages Silver Strand are referred to as "Passages Plaintiffs."

[2] Together, Cliffside Malibu, Sunset Malibu, Cliffside Malibu II, Cliffside Malibu Outpatient Services, Cliffside Malibu 3, and Recovery Malibu are referred to as "Cliffside Counterplaintiffs."

3. Was the false statement material?

Yes_______ No_______

(If you answer "No" skip the remaining questions in this section and proceed to Claim Two)

4. Did the false statement(s) actually deceive or have the tendency to deceive a substantial segment of its audience?

Yes_______ No_______

(If you answer "No" skip the remaining questions in this section and proceed to Claim Two)

5. Were either of the Passages Plaintiffs injured or likely to be injured as a result of the false statement(s)?

Yes_______ No_______

(If you answer "No" skip the remaining questions in this section and proceed to Claim Two)

6. If you answered "Yes" to all of the previous questions, state the amount of damages Defendants Clean & Sober media; Cliffside Malibu; and/or Richard Taite should pay for engaging in false advertising: $_______________________________________________.

## CLAIM TWO

## Grasshopper House LLC's claim of libel per se

1. Did Defendants Clean & Sober Media; Cliffside Malibu; or Richard Taite, acting individually or in concert, make one or more statements to a person or persons other than Grasshopper House?

Yes_______ No_______

(If you answer "No" skip the remaining questions in this section and proceed to Claim Three)

2. Did the person(s) receiving the statement(s) reasonably understand the statement(s) was about Passages Malibu?

Yes_______ No_______

(If you answer "No" skip the remaining questions in this section and proceed to Claim Two)

3. Was the statement(s) false?

Yes_______ No_______

(If you answer "No" skip the remaining questions in this section and proceed to Claim Two)

4. Did Defendants Clean & Sober Media; Cliffside Malibu; or Richard Taite, acting individually or in concert fail to use reasonable care to determine the truth or falsity of the statements?

Yes_______ No_______

(If you answer "No" skip the remaining questions in this section and proceed to Claim Two)

5. Did Grasshopper House suffer harm as a result of the statement(s)?

Yes_______ No_______

(If you answer "No" skip the remaining questions in this section and proceed to Claim Two)

6. If you answered "Yes" to all of the previous questions, state the amount of compensatory damages Defendants Clean & Sober media; Cliffside Malibu; and/or Richard Taite should pay for engaging in libel per se: $_____________________________________________.

7. Has Grasshopper House proven by clear and convincing evidence that Defendant Clean & Sober Media knew the statements were false or had serious doubts about the truth of the statement(s)?

Yes_______ No_______

(If you answer "No" skip to Question 10)

8. Did Defendant Clean & Sober Media act with malice, oppression or fraud in making the statement(s)?

Yes_______ No_______

(If you answer "No" skip to Question 10)

9. If you answered "Yes" to Questions 7 and 8, state the amount of punitive damages Defendant Clean & Sober media should pay for knowingly engaging in libel per se and by acting with malice, oppression or fraud: $_____________________________________________.

10. Has Grasshopper House proven by clear and convincing evidence that Defendant Cliffside Malibu knew the statements were false or had serious doubts about the truth of the statement(s)?

Yes_______ No_______

(If you answer "No" skip to Question 13)

11. Did Defendant Cliffside Malibu act with malice, oppression or fraud in making the statement(s)?

Yes_______ No_______

(If you answer "no" skip to Question 13)

12. If you answered "Yes" to Questions 11 and 12, state the amount of punitive damages Defendant Cliffside Malibu should pay for knowingly engaging in libel per se and by acting with malice, oppression or fraud:

$_______________________________________________________________.

13. Has Grasshopper House proven by clear and convincing evidence that Defendant Richard Taite knew the statements were false or had serious doubts about the truth of the statement(s)?

Yes_______ No_______

(If you answer "No" skip to Claim Three)

14. Did Defendant Richard Taite act with malice, oppression or fraud in making the statement(s)?

Yes_______ No_______

(If you answer "no" skip to Claim Three)

15. If you answered “Yes” to Questions 13 and 14, state the amount of punitive damages Defendant Richard Taite should pay for knowingly engaging in libel per se and by acting with malice, oppression or fraud:

$____________________________________________________________.

## CLAIM THREE

**Cliffside Counterplaintiffs' claims of false advertising under the Lanham Act**

1. Has Passages made a false or misleading statement of fact about Cliffside Counterplaintiffs?

Yes_______ No_______

(If you answer "No" skip the remaining questions in this section and proceed to Claim Two)

2. Was the false statement(s) part of a commercial advertisement?

Yes_______ No_______

(If you answer "No" skip the remaining questions in this section and proceed to Claim Two)

3. Was the false statement material?

Yes_______ No_______

(If you answer "No" skip the remaining questions in this section and proceed to Claim Two)

4. Did the false statement(s) actually deceive or have the tendency to deceive a substantial segment of its audience?

Yes_______ No_______

(If you answer "No" skip the remaining questions in this section and proceed to Claim Two)

5. Were any of the Cliffside Counterplainitts injured or likely to be injured as a result of the false statement(s)?

Yes_______ No_______

(If you answer "No" skip the remaining questions in this section and proceed to Claim Two)

6. If you answered "Yes" to all of the previous questions, state the amount of damages Passages should pay for engaging in false advertising:

$____________________________________________________________.

# Defendants' Proposed Verdict Form Questions

**Claim One: Lanham Act (15 U.S.C. 1125(a)(1)(B))**
Grasshopper House, LLC (Plaintiff) v.
Clean & Sober Media, Cliffside Malibu, & Richard Taite (Defendants)

1. Did Grasshopper House, LLC prove by a preponderance of the evidence that either of the following statements misrepresented the services of Grasshopper House, LLC or *The Fix* in a commercial advertisement by any Defendant?

| Statement | Yes/No |
| --- | --- |
| Process Statement: To create our reviews, we invite selected centers to solicit former clients to complete a detailed, 20-question survey. The Fix requires at least five completed surveys before a review is generated. The surveys include questions about accommodations, meals, residents, staff, activities, and more. Alumni respond anonymously and confidentially, and reviews are written based on their responses and follow-up questions where applicable. The resulting review is highly detailed, delving not only into the intricacies of daily life, but also into the specific types of treatment offered. For each of the above metrics - accommodations, food, and treatment - we then rate each center on a five-star scale, based on the alumni's chosen star ratings and comments. The overall rating for the particular center being reviewed is created based on the three component star ratings, client comments, and other information obtained through the survey process. | Yes/No |

| Statement | Yes/No |
|---|---|
| Mission Statement: Our stated editorial mission - and sole bias - is to destigmatize all forms of addiction and mental health matters, support recovery, and assist toward humane policies and resources. | Yes/No |

2. Did Grasshopper House, LLC prove by a preponderance of the evidence that any of the Defendants actually made either Statement?

| Statement | Mission Statement | Process Statement |
|---|---|---|
| Clean & Sober Media | Yes/No | Yes/No |
| Cliffside Malibu | Yes/No | Yes/No |
| Richard Taite | Yes/No | Yes/No |

3. Did Grasshopper House, LLC prove by a preponderance of the evidence that either Statement was material, in that it was likely to influence the purchasing decisions of consumers of addiction treatment services?

| Statement | Yes/No |
|---|---|
| Process Statement | Yes/No |
| Mission Statement | Yes/No |

4. Did Grasshopper House, LLC prove by a preponderance of the evidence that either Statement actually deceived a substantial segment of its audience?

| Statement | Yes/No |
|---|---|
| Process Statement | Yes/No |
| Mission Statement | Yes/No |

5. Did Grasshopper House, LLC prove by a preponderance of the evidence that either Statement injured or likely injured Grasshopper?

| Statement | Yes/No |
| --- | --- |
| Process Statement | Yes/No |
| Mission Statement | Yes/No |

**Affirmative Defenses to Claim One**

6. Did any Defendant prove by a preponderance of the evidence that Grasshopper House, LLC knew or should have discovered that either Statement was false before February 2, 2015?

| Statement | Yes/No |
| --- | --- |
| Process Statement | Yes/No |
| Mission Statement | Yes/No |

7. Did any Defendant prove any of the below affirmative defenses against Grasshopper House, LLC?

| Affirmative Defense | Yes/No |
| --- | --- |
| Unclean Hands | Yes/No |
| Laches | Yes/No |
| Waiver | Yes/No |
| First Amendment | Yes/No |

**<u>Claim Two</u>: Defamation *Per Se***

Grasshopper House, LLC (Plaintiff) v.

Clean & Sober Media, Cliffside Malibu, & Richard Taite (Defendants)

8. Did Grasshopper House, LLC prove by a preponderance of evidence that any of the following Defendants made the Process Statement?

| **Defendant** | **Yes/No** |
|---|---|
| Clean & Sober Media | Yes/No |
| Cliffside Malibu | Yes/No |
| Richard Taite | Yes/No |

9. Did Grasshopper House, LLC prove by a preponderance of evidence that the Process Statement was reasonably understood to be about Grasshopper House, LLC and to mean, when read in connection with other statements on *The Fix*, that Grasshopper House, LLC was completely incompetent at its core function of curing addiction? <u>Yes/No</u>

10. Did Grasshopper House, LLC prove by a preponderance of evidence that the Process Statement was a false statement of fact, rather than opinion? <u>Yes/No</u>

11. Did Grasshopper House, LLC prove by clear and convincing evidence that any Defendant knew that the Process Statement was false or had serious doubts about its truth?

| **Defendant** | **Yes/No** |
|---|---|
| Clean & Sober Media | Yes/No |
| Cliffside Malibu | Yes/No |
| Richard Taite | Yes/No |

12. Did Grasshopper House, LLC prove by clear and convincing evidence that any Defendant, in making the Process Statement, acted with malice, oppression, or fraud?

| **Defendant** | **Yes/No** |
|---|---|
| Clean & Sober Media | Yes/No |
| Cliffside Malibu | Yes/No |
| Richard Taite | Yes/No |

**Affirmative Defenses to Claim Two**

13. Did any Defendant prove by a preponderance of the evidence that Grasshopper House, LLC knew or should have discovered the defamatory statement before February 2, 2017? Yes/No

14. Did any Defendant prove any of the below affirmative defenses against Grasshopper House, LLC?

| **Affirmative Defense** | **Yes/No** |
|---|---|
| Unclean Hands | Yes/No |
| Laches | Yes/No |
| Waiver | Yes/No |
| First Amendment | Yes/No |

**<u>Counterclaim</u>: Lanham Act (15 U.S.C. 1125(a)(1)(B))**

Cliffside Malibu, Sunset Malibu Cliffside Malibu II, Cliffside Malibu III, Cliffside Malibu Outpatient Services, and Recovery Malibu (Counterclaim Plaintiffs or "Cliffside") v.
Grasshopper House, LLC, Silver Strand, LLC, Chris Prentiss, and Pax Prentiss (Counterclaim Defendants or "Passages")

<u>The Cure Statements</u>

15. Did Cliffside prove by a preponderance of the evidence that any statement by Passages about a cure after August 1, 2015 misrepresented Passages' services in a commercial advertisement? <u>Yes/No</u>

16. Did Cliffside prove by a preponderance of the evidence that any statement by Passages about a cure made after August 1, 2015 was material, in that it was likely to influence the purchasing decisions of consumers of addiction treatment services? <u>Yes/No</u>

17. Did Cliffside prove by a preponderance of the evidence that any statement by Passages about a cure made after August 1, 2015 actually deceived a substantial segment of consumers of addiction treatment services? <u>Yes/No</u>

18. Did Cliffside prove by a preponderance of the evidence that any statement by Passages about a cure made after August 1, 2015 injured or likely injured Cliffside? <u>Yes/No</u>

<u>The Non-Branded Statements</u>

19. Did Cliffside prove by a preponderance of the evidence that Passages' non-branded websites included any false or misleading description of fact that misrepresented Passages' services in a commercial advertisement? <u>Yes/No</u>

20. Did Cliffside prove by a preponderance of the evidence that Passages' non-branded websites included any false or misleading description of fact that was material, in that it was likely to influence the purchasing decisions of consumers of addiction treatment centers? Yes/No

21. Did Cliffside prove by a preponderance of the evidence that any false or misleading description of fact included on Passages' non-branded websites actually deceived a substantial segment of its audience? Yes/No

22. Did Cliffside prove by a preponderance of evidence that it was injured or likely injured by any false or misleading description of fact included on Passages' non-branded websites? Yes/No

**Affirmative Defenses to Counterclaim**

23. With respect to Cliffside's claims about the cure statements, did Passages prove any of the below affirmative defenses?

| **Affirmative Defense** | **Yes/No** |
|---|---|
| Unclean Hands | Yes/No |
| Laches | Yes/No |
| First Amendment | Yes/No |

24. With respect to Cliffside's claims about the non-branded statements, did Passages prove any of the below affirmative defenses?

| **Affirmative Defense** | **Yes/No** |
|---|---|
| Unclean Hands | Yes/No |
| Laches | Yes/No |
| First Amendment | Yes/No |

**<u>Separate Instructions for Damages Phase Only</u>**

**Damages on Claim One and Claim Two**

1. In dollars, what is the amount of damages that Grasshopper House, LLC proved by a preponderance of the evidence that it suffered, if any, that were proximately caused by Richard Taite, Clean & Sober Media, or Cliffside Malibu, rather than by Recovery Media? _________

2. Of the damages you found in Question 1, what was the portion of those damages (in dollars) that Grasshopper House, LLC could not have mitigated with reasonable efforts to do so? __________

**Damages on Counterclaim**

3. In dollars, what is the amount of damages that Cliffside proved by a preponderance of evidence that it suffered, if any, that were proximately caused by Passages? __________________

4. Of the damages you found in Question 3, what was the portion of those damages (in dollars) that the Cliffside could not have mitigated with reasonable efforts to do so? _________

DATED this eighth day of February, 2019.

STEPTOE & JOHNSON LLP

/s/ William Andrichik

Attorneys for Plaintiff and Counterclaim Defendant Grasshopper House, LLC, and Counterclaim Defendants Passages Silver Strand, LLC, Chris Prentiss, and Pax Prentiss

STRIS & MAHER LLP

/s/ Victor O'Connell

Attorneys for Defendants and Counterclaim Plaintiffs.