FILED
CLERK, U.S. DISTRICT COURT

FEB 2 1 2018

CENTRAL DISTRICT OF CALIFORNIA
BY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Grasshopper House, LLC, | CASE NO. 18-CV-923-SVW (RAOx) |
| Plaintiff, | |
| vs. | COURT'S INSTRUCTIONS TO THE JURY |
| Clean & Sober Media LLC, et al., | |
| Defendants. | |
| Cliffside Malibu, et al., | |
| Counterclaim Plaintiffs, | |
| vs. | |
| Grasshopper House, LLC, et al., | |
| Counterclaim Defendants. | |

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you as to the law of the case. A copy of these instructions will be sent with you to the jury room when you deliberate. You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be. It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Each party in this case asserts claims against multiple parties. You should decide the case as to each party separately. Unless otherwise stated, the instructions apply to all parties.

Each party has the burden of proof by a preponderance of the evidence for their respective claims.  When a party has the burden of proof by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.  You should base your decision on all of the evidence, regardless of which party presented.

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits which are received into evidence; and

3. any facts to which the lawyers have agreed.

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What the lawyers have said in their opening statements, closing arguments, and at other times is intended to help you interpret evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have state them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the Court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

1  Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact,
2  such as testimony by a witness about what that witness personally saw or heard or
3  did. Circumstantial evidence is proof of one or more facts from which you could find
4  another fact. You should consider both kinds of evidence. The law makes no
5  distinction between the weight to be given to either direct or circumstantial evidence.
6  It is for you to decide how much weight to give to any evidence.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

1.  the opportunity and ability of the witness to see or hear or know the things testified to;

2.  the witness's memory;

3.  the witness's manner while testifying;

4.  the witness's interest in the outcome of the case and any bias or prejudice;

5.  whether other evidence contradicted the witness's testimony;

6.  the reasonableness of the witness's testimony in light of all the evidence; and

7.  any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

1    Whether or not you took notes, you should rely on your own memory of the evidence.

2    Notes are only to assist your memory. You should not be overly influenced by your

3    notes or those of your fellow jurors.

To prevail on a false advertising claim under the Lanham Act, a plaintiff must prove each of the following elements by a preponderance of the evidence:

1. A defendant has made a false or misleading statement of fact in a commercial advertisement about its own product or a competitor's product;

2. The statement actually deceived or has the tendency to deceive a substantial segment of its audience;

3. Such deception is material, in that it is likely to influence the purchasing decision; and

4. The defendant caused the statement to enter interstate commerce.

The parties have agreed that the statements at issue in this case entered interstate commerce. If you find that a party has proved each of the three other elements of this claim, then you must find for the plaintiff on that party's claim. If, on the other hand, you find that a party has failed to prove any one of those three other elements, then you must find for the defendant on that claim.

I will now explain each of these elements in detail.

A Plaintiff may prove a statement is false in any of three ways:

1. By showing that a statement in advertising is literally false on its face. A statement is literally false on its face when it explicitly states something that is untrue;

2. By showing that a statement in advertising is literally false by necessary implication. A statement is literally false by necessary implication only when, although it does not explicitly state something that is untrue, considering the advertisement in its entirety, the audience would recognize the untrue claim as readily as if it had been explicitly stated. If the statement is susceptible to more than one reasonable interpretation, the statement cannot be literally false by necessary implication; or

3. By showing that advertising contains a misleading statement. A misleading statement is one that is literally true, but has actually deceived a substantial proportion of consumers.

1  A statement that amounts to puffery or an opinion cannot be the subject of a false

2  advertising claim under the Lanham Act.

To prevail on a Lanham Act claim, a plaintiff must prove that the false statement of fact was made by the defendant about the defendant's own product or about another's product in a commercial advertisement.

To establish that a statement was made in commercial advertising, a plaintiff must prove that:

1. The defendant who made the statement is in commercial competition with the plaintiff; and

2. The defendant engaged in commercial advertising for the purpose of influencing customers to buy the defendant's goods or services.

The representation need not be made in a "classic advertising campaign," and may consist instead of less formal types of promotion.

To prevail on a Lanham Act claim, a plaintiff must prove that a false statement actually deceived or has the tendency to deceive a substantial segment of its audience.

If you find that a statement was literally or deliberately false, you may presume that a substantial segment of potential consumers were deceived by that statement. A defendant can rebut that presumption with evidence to the contrary.

If you find that a statement was true but misleading (as opposed to literally or deliberately false), then the burden is on the plaintiff to show that a substantial segment of the audience was actually deceived by the statement.

To prevail on a Lanham Act claim, a plaintiff must prove that a false statement's deception was material, in that the statement was likely to influence the purchasing decision of the target audience.

A comparative advertisement is one which makes a direct reference to a competitor's product.

If you find that a statement in comparative advertising was deliberately false, you may presume that consumers were actually deceived by the false statement and that the deception was material. A defendant can rebut that presumption with evidence to the contrary.

Passages asserts that the relevant actions by Richard Taite regarding The Fix were performed by Richard Taite as an agent for Cliffside Malibu, the treatment center owned and operated by Richard Taite. Similarly, Cliffside asserts that the relevant actions by Chris Prentiss and Pax Prentiss in advertising a cure for addiction were performed by Chris Prentiss and Pax Prentiss as agents for Grasshopper House, LLC and Passages Silver Strand, LLC, the companies that own and operate the Passages Malibu treatment center.

An agent is a person who performs services for another person under an express or implied agreement and who is subject to the other's control or right to control the manner and means of performing the services. The other person is called a principal.

An agent is acting within the scope of authority if the agent is engaged in the performance of duties which were expressly or impliedly assigned to the agent by the principal. Any act or omission of an agent within the scope of authority is the act or omission of the principal.

Passages has sued Richard Taite as the agent and Cliffside Malibu as the principal. If you find that Richard Taite was the agent of Cliffside Malibu and was acting within the scope of authority, and if you find against Richard Taite, then you must also find against Cliffside Malibu. If you do not find against Richard Taite, then you must find for both Cliffside Malibu and Richard Taite.

If you find against Richard Taite, but do not find that Richard Taite was acting within the scope of authority as an agent of Cliffside Malibu, then you must find that Cliffside Malibu is not liable.

Similarly, Cliffside has sued Chris Prentiss and Pax Prentiss as the agents and Grasshopper House, LLC and Passages Silver Strand, LLC as the principals. If you find that Chris Prentiss and/or Pax Prentiss was the agent of Grasshopper House, LLC and/or Passages Silver Strand, LLC and was acting within the scope of authority, and if you find against the agent, then you must also find against the principal. If you do not find against Chris Prentiss or Pax Prentiss, then you must find for all of Grasshopper House, LLC, Passages Silver Strand, LLC, Chris Prentiss, and Pax Prentiss.

If you find against Chris Prentiss and/or Pax Prentiss, but do not find that Chris Prentiss and/or Pax Prentiss was acting within the scope of authority as an agent of Grasshopper House, LLC and/or Passages Silver Strand, LLC, then you must find that Grasshopper House, LLC and/or Passages Silver Strand, LLC is not liable.

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court. You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors. Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.